IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARIZJON KHASANOV,<br>       Petitioner,<br>v.<br>DAVID O'NEILL, et al.,<br>       Respondents. | CIVIL ACTION<br>NO. 26-00055 |

## ORDER

**AND NOW**, this 12th day of January 2026, upon consideration of Petitioner Farizjon Khasanov's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in Opposition (Doc. No. 3), and Petitioner's Response in Support of the Petition (Doc. No. 4) it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1]

It is **FURTHER ORDERED** as follows:

---

[1] Petitioner Farizjon Khasanov ("Petitioner") is a native of Uzbekistan who entered the United States around February 3, 2022 without inspection. (Doc. No. 1 ¶¶ 2, 17.) After his entry, Petitioner was apprehended by Customs and Border Patrol but was ultimately released with Notices to Appear under 8 U.S.C. § 1182(a)(6)(A)(i). (Id. ¶ 2.) Petitioner subsequently filed an Application for Asylum (Form I-589). (Id. ¶ 3.) That application remains pending. On January 6, 2026, while traveling to work, Petitioner was detained by Immigration and Customs Enforcement ("ICE") agents. (Id. ¶ 4.) Petitioner remains detained at the Federal Detention Center ("FDC") in Philadelphia. (Id. ¶ 42.)

On January 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court. In the Petition, he asks the Court to order his immediate release. (Id. at 15.) On January 8, 2026, Respondents filed a Response in Opposition to Petitioner's Habeas Petition. (Doc. No. 3.) On January 9, 2026, Petitioner filed a Response in Support of the Petition. (Doc. No. 4.) The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a). (Doc. No. 1 at 5–10.) Respondents first counter this submission with a series of jurisdictional defenses, claiming that district courts cannot hear cases like Petitioner's. (See Doc. No. 3 at 6–11) (arguing that 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii) divest district courts of jurisdiction to hear habeas petitions related to removal proceedings). Second, Respondents contend Petitioner's detention does not violate the Due Process Clause of the Fifth Amendment because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States. (See id. at 18–19.) However, Petitioner's Due Process Claims are subsumed within his statutory claims. Thus, the Court will focus its analysis on the latter claims. See Kashranov v. Jamison, No. 25-cv-

1) By January 22, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

2) If Respondents fail to hold a bond hearing by January 22, 2026, they must release Petitioner from detention while he awaits the bond hearing.

---

5555, 2025 WL 3188399, at *5 (highlighting that "if Section 1226 governs, then [petitioner] has due process rights…")

Finally, Respondents assert that their authority to detain Petitioner stems not from 8 U.S.C. § 1226(a), but instead from 8 U.S.C. §1225(b)(2). (Doc. No. 4 at 11–18.) That distinction is critical because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for a bond hearing is baseless.

This Court previously addressed each of Respondents' three contentions in Nogueira-Mendes v. McShane, No. 25-cv-5810, 2025 WL 3473364, at *1–3 (E.D. Pa. Dec. 3, 2025). Because the facts and legal issues raised in the present case and in Nogueira-Mendes are virtually the same, the Court will adopt the reasoning outlined in that prior case. Consequently, here, the Court holds as follows: (1) the Court has jurisdiction to hear Petitioner's case, (2) Petitioner was not required to exhaust his remedies before bringing his Petition, and (3) Section 1226(a) governs Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by January 22, 2026. If Respondents do not hold a bond hearing by January 22, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Farizjon Khasanov's Petition for Writ of Habeas Corpus (Doc. No. 1).

3) By January 27, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

          BY THE COURT:

          /s/ Joel H. Slomsky
          JOEL H. SLOMSKY, J.